UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK ALAN CRABTREE, ) | |
| ) | |
| Petitioner, ) | CASE NO. C10-490-JLR |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| STATE OF WASHINGTON, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Mark Alan Crabtree has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently incarcerated in a Texas Department of Criminal Justice facility pursuant to a 2009 Texas state court conviction for failing to comply with sex offender registration requirements. He brings the instant petition to challenge the constitutionality of his 1989 King County Superior Court convictions and sentence.

Subject matter jurisdiction under § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions

REPORT AND RECOMMENDATION
PAGE -1

unless the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).  Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review.  *Id*. at 492.  However, when a habeas petitioner is in custody as a result of a subsequent conviction, and an expired conviction has been used to enhance the petitioner's current sentence, the petitioner is "in custody" with respect to the subsequent conviction for purposes of federal habeas review.  *See id*. at 493; *Brock v. Weston*, 31 F.3d 887, 889-90 (9th Cir. 1994).

Petitioner entered guilty pleas to charges of first degree child molestation, first degree statutory rape and first degree child rape in King County Superior Court in April 1989.  *See In re Crabtree*, 141 Wn.2d 577, 580 (2000).  Petitioner was thereafter sentenced to a term of 89 months confinement and to one year of community placement.  *Id*.  Petitioner apparently began serving his term of community placement after earning 27 months of good time.  *See id*.  Petitioner subsequently violated the conditions of his community placement and was returned to custody.  *Id*.  Petitioner's return to custody occurred sometime prior to January 7, 1998.  *See id*.  Nothing in the record reveals when petitioner's Washington sentence fully expired.  However, given that petitioner was returned to custody over 12 years ago, at a time when he had only 27 months remaining on his sentence, it seems likely that petitioner's King County sentence has fully expired.   Thus, it appears clear that petitioner is no longer "in custody" with respect to his King County convictions for purposes of federal habeas review.

Petitioner suggests in his brief in support of his petition that he is sufficiently "in custody" for purposes of challenging his King County convictions because he was sentenced to

serve one year of community placement.  While a one year term of community placement was indeed a part of the sentence imposed for petitioner's King County convictions, petitioner does not assert that he owes any future obligation to the State of Washington with respect to those convictions and any such obligation seems unlikely given the amount of time that has elapsed since petitioner was originally sentenced for those convictions.

Petitioner also suggests that he is sufficiently "in custody" for purposes of challenging his 1989 King County convictions because those convictions were a necessary predicate to the crime for which he is currently incarcerated in the State of Texas.  Assuming petitioner's King County convictions were, in fact, a necessary predicate to his current confinement, this Court would be obliged to construe the instant petition as a challenge to petitioner's current confinement as "enhanced" by his previous convictions. *See Maleng*, 490 U.S. at 493-94; *Brock*, 31 F.3d at 890.  However, this Court has no personal jurisdiction over either petitioner or his current custodian for purposes of reviewing the constitutionality of petitioner's current confinement.  *See Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).  Any challenge to petitioner's current confinement would have to be pursued in Texas.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. 1406(a).  It would not be in the interests of justice to transfer this action because petitioner does not identify any viable claim for relief in the instant federal habeas petition.

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the United States Supreme Court held as follows:

REPORT AND RECOMMENDATION
PAGE -3

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-404 (internal citation omitted).  The Supreme Court did recognize an exception to the general rule precluding habeas review for instances where the habeas petition challenges an enhanced sentence on the grounds that "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)."  *Id.* at 405.  Petitioner does not allege a complete denial of counsel in the criminal proceedings which led to his 1989 King County Superior convictions and, thus, he may not pursue his challenge to the constitutionality of those convictions in a federal habeas proceeding.

Based on the foregoing, this Court recommends that petitioner's federal habeas petition, and this action, be dismissed for lack of jurisdiction.  A proposed order accompanies this Report and Recommendation

DATED this 17th day of May, 2010.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge